

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Hon. Joseph W. Burkett, Jr.
County Attorney
Kerr County
Kerrville, Texas

Dear Sir:

Opinion No. O-7264

Re: Is the County Clerk either autho-
rized or required to accept, file
and record certified copy of
charter of a Texas corporation
authorized to do business under
the purpose clause set out?

Your request and very able brief for our opinion on
the above question reads in part as follows:

"(1) Is the County Clerk of Kerr County
either 'authorized or required' to accept, file
and record in his office a certified copy of the
charter of a Texas corporation authorized to do
business under the following purpose clause:

"'The purpose for which it is formed is to
accumulate and loan money, to sell and deal in
notes, bonds and securities; to act as Trustee
under any lawful express trust committed to it
by contract, and as agent for the performance of
any lawful act; to subscribe for, purchase, invest
in, hold, own, assign, pledge and otherwise deal·
in and dispose of shares of capital stock, bonds,
mortgages, debentures, notes and other securities
or obligations, contracts and evidences of in-
debtedness of foreign or domestic corporations not
competing with each other in the same line of busi-
ness, to borrow money or issue debentures for
carrying out any or all purposes above enumerated,
without banking or insurance privileges.'

"(2) May said clerk lawfully charge a fee for
filing and recording such instrument?

Hon. Joseph W. Burkett, Jr. - Page 2

"(3) May said clerk lawfully charge a fee for making and furnishing a certified copy of said charter on file in his office?

"(4) If the filing of a certified copy of said charter is neither 'authorized or required' by the laws of Texas and the clerk has already filed same, how may the clerk lawfully expunge same from his records?"

The Registration Laws provide that all deeds, mortgages, conveyances, deeds of trust, bonds for title, covenants, defeasances or other instruments of writing concerning any lands or tenements or goods and chattels, or movable property of any description are authorized to be recorded, (Art. 6626, V.A.C.S.) and that all deeds or other contracts relating to real estate shall be recorded in the County where the land is situated. (Art. 6630, V.A.C.S.) The articles of incorporation recite the purpose for which the corporation was formed, but in no case was any real or personal property then owned or to be thereafter owned by the said corporation "of any description" found in it. It is not such an instrument as the law contemplates shall be recorded in Kerr County, Texas.

Under the decisions of our Courts where the question has come up as to the admissibility of records, unless the recorded instrument is authorized or required to be filed, such recorded instrument could not be introduced for the purpose of proving any facts. The decisions of authority are too numerous to herein set out. In Crosby v. Houston, 1 Texas 203, 237, the Court said that where registration is not authorized or is not in conformity with law, it is treated as a nullity. 1 Store Eq., p. 406; 2 Stewart, p. 339.

Under the above authorities, the answer to your first question would be that the County Clerk of Kerr County would neither be authorized nor required to accept, file nor record in his office a certified copy of the charter of a Texas corporation authorized to do business under the purpose clause of making loans, etc.

In answer to your second and third questions, because the instrument is a nullity and without any effect, the Clerk could neither charge a fee for filing nor recording the same or for furnishing certified copies.

In answer to your fourth question as to the method of expunging the charter from the County Clerk's records, there are no cases in Texas so far as we have been able to determine, where this specific matter was brought up. We believe, and you are so advised,

:on. Joseph W. Burkett, Jr. - Page 3

that the recording of the charter should be treated as a nullity and the record ignored as to the copy of said charter being made on the same. The Clerk could do anything that he might deem fit to expunge the unauthorized instrument from his records as long as he did not destroy or mutilate records of lawfully recorded instruments.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED OCT. 3, 1946

ATTORNEY GENERAL OF TEXAS

By _____
Jno. C. Knorpp
Assistant

JCK:djm

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN